IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:21-cr-00011 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| MELVIN MCKINLEY CHILDRESS ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are defendant Melvin McKinley Childress's motion for *Brady* and *Giglio* material (Dkt. No. 36) regarding the disclosure of a confidential informant agreement and motion to compel discovery of police policies and procedures regarding confidential informants (Dkt. No. 75). For the reasons stated below, the court will grant the motion for disclosure of the confidential informant agreement and deny the motion to compel disclosure of confidential informant policies.

I. BACKGROUND

According to the government, in January 2021, Virginia State Police investigated Melvin McKinley Childress based on information that Childress was distributing suspected heroin and/or fentanyl. (Affidavit for Search Warrant, Dkt. No. 67-1 at 4.) The investigation involved multiple controlled purchases from Childress using a confidential informant. (*Id.*) Officers conducted surveillance during the controlled purchases and observed Childress engaging in drug transactions with the informant through covert audio and video equipment. (*Id.* at 5.) The confidential informant is a self-identified user of illegal narcotics and has pending charges against him for the possession of narcotics. (*Id.* at 6.)

On March 15, 2021, a grand jury returned a four-count indictment against Childress for distributing a measurable quantity of fentanyl on January 20, 2021 (Count 1), January 21, 2021

1

(Count 2), January 22, 2021 (Count 3), and January 26, 2021 (Count 4) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

On July 7, 2021, the court held a pre-trial conference at which the court addressed multiple pre-trial motions, including Childress's motion for *Brady* and *Giglio* material (Dkt. No. 36) and motion to exclude testimony of the government informant (Dkt. No. 57). (Dkt. No. 75.) In Childress's motion for *Brady* and *Giglio* material, he seeks disclosure of all "information related to the informant utilized by local police that might cast a doubt on his credibility at trial." (Dkt. No. 36 at 1.) Childress notes that the government has already produced four police reports about the controlled buys, audio and video recordings, photographs of the alleged drugs, and photographs of a TruNarc screen purporting to show the results of presumptive drug tests. (*Id.* at 2.)

Childress has also filed a motion to exclude the testimony of the confidential informant, arguing that he does not yet have all *Giglio* information because he does not have the signed confidential informant agreement. (Dkt. No. 57.) Childress argues that the information in the confidential informant agreement is exculpatory because the informant is a known drug user and "discovery indicates that the informant may have used some of the drugs that he claims to have bought from Mr. Childress during one of the controlled buys." (*Id.* at 2.) The government argues that it has already provided Childress with nearly all information in the agreement, including "the CI's redacted criminal history, information about pending charges, jurisdiction, and their subsequent disposition, as well as what date the CI completed and signed the form." (Dkt. No. 59 at 2.) According to the government, "the only information [d]efense requests, that they do not already have, is information about the CI's employment (more specifically, employer's name and address)." (*Id.*) The government suggested that the court conduct an in

camera review of the CI agreement to determine whether the document must be disclosed to Childress.  (*Id.* (citing *United States v. Daniels*, 4:20-CR-16 (conducting an in camera review of a confidential informant agreement)).)

At the pre-trial conference, the court denied Childress's motion to exclude testimony from the confidential informant and ordered the government to disclose the confidential informant agreement for in camera review.  (Dkt. No. 75.)  The court has now completed an in camera review of the confidential informant agreement.

Childress has also made an oral motion to compel disclosure of any Virginia State Police policies, procedures, or training materials related to confidential informants.  Childress argues that such policies may be relevant to his defense because "the available discovery indicates that none of the weights of the drugs obtained from the informant match the weights of drugs he claimed to purchase from [Childress]."  (Dkt. No. 36 at 5.)  According to Childress, "[t]he first purchase was allegedly for 1.5 grams of drugs, but police obtain 2 grams."  (*Id.*)  "The second purchase was for 1 gram, yet police obtain 3 grams."  (*Id.*)  "The third purchase was for 3 grams, but the police obtain 2.7 grams."  (*Id.*)  "And the fourth purchase was for 2 grams, yet police obtained 3 grams."  (Id.)  Childress argues that "none of the officers in this case noticed these obvious inconsistencies or followed up to investigate them," and, therefore, Childress seeks police policies or procedures regarding the handling of confidential informants.

## II.  DISCUSSION

**A.  Disclosure of the Confidential Informant Agreement**

"The Due Process Clause requires the prosecution to disclose upon request evidence that is favorable to the defense and material to guilt or punishment."  *United States v. Sterling*, 724 F.3d 482, 511 (4th Cir. 2013) (citing *United States v. Higgs*, 663 F.3d 726, 734–35 (4th Cir.

2011)).  "Evidence is favorable if it is exculpatory, *Brady v. Maryland*, 373 U.S. 83 (1963), or if it may be used for impeachment, *Giglio v. United States*, 405 U.S. 150 (1972)." *Id.*

In addition, the Sixth Amendment to the Constitution guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." U.S. Const. amend. VI.  A primary interest secured by the confrontation clause is the right of cross-examination. *Davis v. Alaska*, 415 U.S. 308, 315 (1974).  In *United States v. Anty*, 203 F.3d 305, 312 (4th Cir. 2000), the Fourth Circuit held that "a defendant's right to be apprised of the government's compensation agreement with the witness, and to inquire about it on cross-examination, must be vigorously protected." *See also United States v. Levenite*, 277 F.3d 454, 462 (4th Cir.), *cert. denied*, 535 U.S. 1105 (2002) (finding that where a witness has been paid or may be paid by the government to testify, such testimony "may be received in court only within a structure of procedural safeguards.").

In *United States v. Daniels*, an ongoing case in this district, the defense sought disclosure of an agreement signed by a confidential informant who participated in controlled narcotics purchases.  (*Daniels*, 4:20-CR-16, Dkt. No. 148 at 1.)  The government argued that production of the agreement, which it characterized as a "sign-up sheet," would have a chilling effect on the government's ability to recruit and use confidential informants.  (*Id.*)  The court ordered the government to produce the documents for in camera review.  After such review, the court ordered that the confidential informant agreement be disclosed to the defense, with redactions to protect personal identifying information.  (*Id.* at 3–4.)  The court reasoned that the government's argument that disclosure of the form may have some chilling effect "is inapplicable [] where the government has already disclosed to the defense the identity of the confidential informant."  (*Id.*

4

at 3.) Further, "the defendant's ability to fully confront the confidential informant's testimony as a trial witness require[d] production of the form[s]." (*Id.*)

Here, the government has disclosed the identity of the confidential informant and provided information about the confidential informant, including the informant's criminal history and pending charges. It also provided a blank copy of a Cooperating Individual Agreement (which includes a list of agreements by the informant), a Virginia State Police Agreement to Testify, and a Consent to Install Electronic Devices (the "Documents"), and the date of signature by the informant. The government has not disclosed a signed, completed copy of the Documents or the informant's photograph, height and weight, or his employment information – information that appears to be part of the blank forms.

Childress argues that he is entitled to a signed copy of the Documents. He notes that a photograph and weight may show some evidence of drug addiction and that employment information may provide a basis for impeachment in that an employed person has more to lose than an unemployed person.

As in *Daniels*, the court has conducted an in camera review of the Documents and concludes that it may contain impeachment evidence. Given that the government has already revealed the identity of the confidential informant to the defense, the Documents do not appear to provide any sensitive information that the government must protect. Therefore, the court will grant the defendant's motion for disclosure of *Brady* and *Giglio* material as it relates to the Documents, with appropriate redactions to the Documents to protect personal identifying information. Further, the court will deny Childress's motion to exclude the testimony of the confidential informant because Childress will receive the Documents he seeks related to the confidential informant.

### B. Childress's Motion for Police Policies and Procedures Regarding Confidential Informants

In his oral motion at the hearing, Childress asks the court to compel the government to turn over Virginia State Police policies and/or rules and regulations regarding its dealings with confidential informants. As grounds, he contends that the confidential informant is unreliable because there are inconsistencies in the quantity of drugs the informant allegedly purchased from Childress and the quantity of drugs the informant delivered to the police and that the police should have investigated this. The government opposes the motion on the grounds that it seeks irrelevant information and defendant has not stated an adequate basis for production of these policies.

Pursuant to Federal Rule of Criminal Procedure 16(a)(1), "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy . . . [documents and objects] if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." There is no indication that the government intends to use these policies in its case-in-chief, and the policies do not belong to Childress. Thus, the only remaining ground is that the item is material to preparing the defense. "For the defendant to show materiality under this rule, '[t]here must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor.'" *United States v. Caro*, 597 F.3d 608, 621 (4th Cir. 2010) (quoting *United States v. Ross,* 511 F.2d 757, 763 (5th Cir. 1975), *cert. denied,* 423 U.S. 836 (1975)). "[E]vidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating

6

testimony, or assisting impeachment or rebuttal." *Id.* (citing *United States v. Lloyd,* 992 F.2d 348, 351 (D.C. Cir. 1993)).

The court is not aware of any cases in this circuit that address a motion to compel disclosure of law enforcement policies, procedures, or training materials regarding confidential informants. However, multiple out of circuit cases that address similar factual scenarios have concluded that confidential informant policies are not discoverable when they are not material to a defense. For example, in *United States v. Sandalo*, No. 3:19-CR-295 (VLB), 2020 WL 1815862, at *4 (D. Conn. Apr. 10, 2020), a defendant filed a pre-trial motion to compel the government to produce discovery regarding law enforcement rules, regulations, policies, training and/or guidance as it related to confidential informants. Specifically, the defendant argued "that discovery will prove that law enforcement violated their own rules in handling the informants . . . ." *Id.* The court denied the motion to compel, reasoning that the defendant "has not shown that the regulatory documents are material or relevant to his defense because they do not refute any charge against him, nor [do] they make the existence of any fact that is of consequence to the determination of his criminal case more or less probable . . . ." *Id.*

Similarly, in *United States v. Ward*, No. 4:19-CR-00101-DCN, 2021 WL 738825, at *4 (D. Idaho Feb. 25, 2021), a defendant filed a pre-trial motion to compel, seeking "the policies and standard operating procedures regarding the use of confidential informants and controlled buys of the agencies that investigated him in order to determine whether such policies were followed in his case." The defendant argued that "this information is crucial to the development of his defense, to possible suppression motions, and to his ultimate cross-examination of the CI and law enforcement officers involved in his investigation." *Id.* Specifically, the defendant was concerned that he may have been framed if the controlled buys were tampered with or otherwise

7

unreliable. The court denied the motion to compel, reasoning that the defendant "fail[ed] to present any specific facts—beyond his allegation that he was framed—to establish the materiality of the policies and standard operating procedures he s[ought]." *Id.* at *5. In sum, the defendant's "[m]otion to Compel simply fails to offer any facts or circumstances whatsoever to show the materiality of the requested documents." *Id.*

Likewise, in *United States v. Monell*, No. CR 12-10187-FDS, 2013 WL 12437912, at *5 (D. Mass. Feb. 12, 2013), a defendant filed a pre-trial motion to compel "production of '[t]he manual and/or written policies, procedures, and regulations of the Fall River Police Department concerning . . . [among other things, the] use of confidential informants." *Id.* "Defendant argue[d] that the policies [we]re relevant to his entitlement to a Franks hearing." *Id.* The court disagreed, reasoning that "noncompliance with a departmental policy would not necessarily support a showing that the affiant made a false statement knowing and intentionally, or with reckless disregard for the truth, which is necessary for a Franks hearing." *Id.* "Without more, the defendant has not shown that he is entitled to this information from the government." *Id.*

Finally, in *United States v. Burton*, 81 F. Supp. 3d 1229, 1255–56 (D.N.M. 2015), a defendant filed a motion to compel disclosure of FBI policies related to confidential informants, among other materials. The court denied the request, reasoning that "[a]lthough [the defendant] contends that [the FBI agent] may have violated the FBI's recording and reporting policies for CIs and targets, he has offered no evidence to support his contentions." *Id.* "This speculation—mere hopeful wishing—is an insufficient basis for the court to compel discovery in a criminal case." *Id.* "Without a more compelling reason for this information, the Court is reluctant to order the disclosure of internal policies of how the FBI deals with its targets and CIs for the world to see." *Id.* "The Court also notes that, in addition to its obligations under *Brady v.*

8

*Maryland,* the United States has a preexisting duty to disclose any impeachment evidence—*i.e.,* any evidence indicating that [the FBI agent] violated FBI policies by failing to make audio recordings of or sufficiently document his conversations . . . ." *Id.* "In light of the United States' preexisting obligations and [defendant's] lack of evidence that [the FBI agent] violated FBI policies, the Court [] den[ied] [defendant's] request for FBI policies." *Id.*

Here, as in the above cited cases, Childress has failed to demonstrate how police policies, procedures, or training materials regarding confidential informants are material to his defense. There is no showing that the policies would enable Childress to "significantly alter the quantum of proof in his favor," *United States v. Caro*, 597 F.3d 608, 621 (4th Cir. 2010) (quoting *United States v. Ross,* 511 F.2d 757, 763 (5th Cir. 1975), *cert. denied,* 423 U.S. 836 (1975)), beyond speculation. Further, even if this fishing expedition would result in some showing of a violation of internal polices or procedures regarding confidential informants, such evidence could not refute any charge against Childress. For these reasons, the court will deny Childress's motion to compel production of police policies, procedures, and training materials relating to confidential informants.

III. CONCLUSION

For the above stated reasons, the court hereby ORDERS that Childress's motion for the production of *Brady* and *Giglio* material as it relates to the signed copies of the Cooperating Individual Agreement, the Virginia State Police Agreement to Testify, and the Consent to Install Electronic Device (Dkt. No. 36) is GRANTED, with the government to redact personally

identifying information, and Childress's oral motion to compel disclosure of Virginia State Police confidential informant policies and procedures (Dkt. No. 75) is DENIED.

Entered: July 12, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge