UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| ) | Cases No. 7:21-CR-00011-EKD |
| v.   ) | |
| ) | |
| ) | |
| MELVIN MCKINLEY CHILDRESS   ) | |

### MOTION REQUESTING FACE SHIELD TO BE WORN BY DEFENDANT

The United States hereby requests that Melvin McKinley Childress, the Defendant herein, be required to wear a face shield during the entirety of the upcoming jury trial, set to take place from July 20-23, 2021.

During a pretrial conference hearing on July 8, 2021, the Court ordered numerous courtroom safety measures to be in place during the jury trial, so as to limit contact between persons and stop the potential spread of COVID-19. These precautions included instructing the attorneys and the Defendant to wear face masks, and providing face shields for all of the witnesses. The Courtroom has already been retrofitted with plexiglass on the witness stand, the bench, and counsel tables. The Court noted that it was important for the witnesses to be in face shields so that the jurors could judge their credibility.

Given this ruling, the Government requests that the Defendant be required to wear a face shield (as opposed to a mask) for the duration of the trial. The Government's request is for two central purposes: identification and credibility.

First, it is the Government's responsibility to positively identify the Defendant, which would be made practically impossible if the Defendant is masked. Moreover, the Government intends to introduce video evidence of the Defendant. It would be immensely challenging for the jury to attempt to identify the Defendant in the videos if he remains masked while the videos are played.

Second, it is crucial for the jury to judge the Defendant and his reactions during the trial. One of the essential features of the jury system is to permit the jury to judge the Defendant and his or her reactions during the presentation of witnesses and evidence. Centuries ago, the Supreme Court stated that the "primary object [of this provision] was to prevent depositions or ex parte affidavits….being used against the prisoner in lieu of personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury *in order that they may look at him*, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief" [emphasis added]. *Mattox v. United States*, 156 U.S. 237, 242-243 (1895).

Other District Courts have faced this issue throughout the COVID-19 pandemic. In *United States v. Robertson*, a District Court in New Mexico ruled that testifying witnesses, unmasked, behind plexiglass and socially distanced from others "does note create an unacceptable health risk." *United States v. Robertson*, District of New Mexico, 2020 WL 6701874, at *2. In deciding these procedures, the Court must balance the Defendant's Sixth Amendment right at trial, minimizing health risks, and giving the jurors full access to judge the reactions of the Defendant.

For these reasons, the United States respectfully moves this Court to permit the Defendant to wear a face shield, in lieu of a face mask, during the upcoming jury trial.

Dated: July 14, 2021

Respectfully submitted,

DANIEL P. BUBAR
Acting United States Attorney

s/Mary Margaret Cleary
Assistant United States Attorney
VSB #92882
United States Attorney's Office
P.O. Box 1709
Roanoke, Virginia 24008-1709
Maggie.Cleary@USDOJ.GOV

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Motion on July 14, 2021 using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Mary M. Cleary
Assistant United States Attorney